## No. A-CV-14-83

# Supreme Court of the Navajo Nation

**Wilbert Morgan,** *Appellant,*

*vs.*

**Teresita Morgan,** *Appellee*

Decided December 23, 1985

## OPINION

*Before McCabe, Chief Justice, Brown and Walters, Associate Justices.*

*John A. Chapela, Esq., Window Rock, Arizona for the Appellant and Robert C. Ericson, Esq., St. Michaels, Arizona for the Appellee*

The parties were divorced by decree entered on May 16, 1983. Appellee was awarded $150.00 per month from March 1, 1982, until such time as she remarries or becomes gainfully employed. She was also awarded one-half of her attorney's fees in the amount of $75.00.

Appellant filed his appeal raising issues of whether the Navajo Courts could award spousal maintenance and attorney's fees.

The Order allowing the appeal found that under *Johnson v. Johnson,* 3 Nav. R. 9 (1980), the Navajo Courts have the power to award alimony. The appeal was allowed on the issues of whether the trial court abused its discretion in this particular award of alimony and whether the award of attorney's fees was proper in this case.

The Court has been presented with nothing that shows that the alimony award was excessive or improper. The small amount of the monthly award clearly indicates that it was intended as assistance to the appellee until she can support herself. It is not an amount which tends to encourage the appellee to rely solely upon it for support. Further, the amount is a reasonable fraction of appellant's income. The trial court did not abuse its discretion in the award of alimony.

Under *Hall v. Arthur,* 3 Nav. R. 35 (1980), the trial courts have the authority to award attorney's fees in special circumstances. 7 N.T.C. §725 permits the courts to assess costs in a case or "any further incidental

expenses connected with the proceeding. . . ." 7 N.T.C. §204(c) permits the tribal courts to apply the laws of the state in which the dispute lies if the matter is not covered by tribal laws or federal laws and regulations. In the chapter on domestic relations Arizona Statutes 25-324 states:

The court from time to time, after considering the financial resources of both parties, may order a party to pay a reasonable amount to the other party for the costs and expenses of maintaining or defending any proceeding under this chapter. For the purpose of this section costs and expenses may include attorney's fees, deposition costs and such other reasonable expenses as the court finds necessary to the full and proper presentation of the action, including any appeal. The court may order all such amounts paid directly to the attorney who may enforce the order in his name with the same force and effect, and in the same manner, as if the order had been made on behalf of any party to the action.

This Court holds that actions for dissolution of marriage are special circumstances in which the judge may order one party to pay a reasonable amount toward the attorney fees of the other party. It is within the discretion of the judge to determine what is a reasonable amount. The trial court record in this case does not show an abuse of discretion in the award of attorney's fees.

Therefore it is Ordered that the judgment of the trial court is affirmed.